UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HORACE BEARD,

        Plaintiff,

vs.                         Case No. 2:04-cv-303-FtM-29SPC

R.B. BRIGGS; R. HEMPHILL; D. JENKS;
PILAR GUDINO,

        Defendants.
_____

**ORDER**

    This matter comes before the Court upon periodic review of the file. On June 1, 2004, Plaintiff filed a Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges constitutional violations for failure to provide Plaintiff with adequate medical care for his psoriatic skin condition while he was confined at Charlotte Correctional Institute. Pl.'s Compl., p. 9. Plaintiff indicates that he has filed previous lawsuits. *Id.* at 5. A previous lawsuit to the instant one, 2:03cv597-FtM-29DNF, filed on October 20, 2003, remains pending before this Court. Plaintiff raises almost identical claims, regarding the psoriasis, and names similar defendants in both cases.[1] Nevertheless, the Court now reviews *pro se* Plaintiff's June 1, 2004, Complaint.

    On June 1, 2004, Plaintiff filed to proceed *in forma pauperis* (Docs. #2 and #8, respectively). Thus, the Court is required to

---

[1] The Court notes that the Defendants Gudino and Hemphill are named in both of Plaintiff's cases; however, Plaintiff does include some different Defendants in the case currently under review.

review Plaintiff's Complaint to determine whether the Complaint is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915 (e)(2)(B). In summary, § 1915 (e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner,* 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* that fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit in either law or fact. *Id.* at 325; *Mitchell v. Brown*, 294 F.3d 1309 (11th Cir. 2002); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001). More specifically, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless." *Nietzke,* 490 U.S. at 327. The case should be dismissed when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Additionally, a case should be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. *Bilal,* 251 F.3d 1346 at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

>     (1) whether the person engaged in the conduct complained of  was acting under the color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities, guaranteed under the Constitution or the laws of  the United States. *Parrat v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniel v. Williams,* 474 U.S. 327 (1986); *Burch v. Apalachee Community Mental Health Services, Inc.* 840 F.2d 797, 800 (11th Cir. 1988), *aff'd, Zimmerman v. Burch*, 494 U.S. 113 (1990).

In addition, a plaintiff must allege and establish an affirmative casual connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County,* 286 F.3d at 1059; *Swint v. City of Wadley,* 51 F.3d at 988 (11th Cir. 1995); *Tittle v. Jefferson County Commn.*, 10 F.3d 1535, 1541 (11th Cir. 1994).

In order to state a claim for a violation under the Eighth Amendment, Plaintiff must show that public officials acted with deliberate indifference to Plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Farrow v. West,* 320 F.3d 1235 (11th Cir. 2003). Thus, a plaintiff must first show that he had an "objectively serious medical need." *Id.* (citing *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). Second, a plaintiff must prove that the official acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need. *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994). Deliberate indifference is a state of mind more egregious and culpable than mere negligence.

*Estelle,* 429 U.S. at 104-106.  In fact, even gross negligence does not satisfy the "sufficiently culpable state of mind" standard. *Miller v. King,* 384 F.3d 1248, 1261 (11th Cir. 2004).  Thus, "medical treatment violates the Eight Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Faison v. Rosado*, 129 Fed. Appx. 490, 491 (11th Cir. 2005) (quoting *Harris v. Thigpen,* 941 F.2d 1495, 1501 (11th Cir. 1991)).

The course of treatment chosen by a medical official is "a classic example of a matter for medical judgement." *Estelle,* 429 U.S. at 107.  Thus, no constitutional violation exists where an inmate and prison medical official merely disagree as to the proper course of medical treatment. *Id*. at 106.  Classic examples of matters for medical judgment include whether an x-ray or other form of treatment are indicated. *Id*. at 107.

An inmate who complains that delay in medical treatment rises to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay. *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176 (11th Cir. 1994).  Further, the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. *Id.; Harris v. Coweta County*, 21 F.3d 388, 393-394 (11th Cir. 1994).

In Plaintiff's concise Statement of Facts, Plaintiff states that when meeting with Doctor Briggs, Plaintiff requested a specific prescription for his psoriasis, but the doctor denied the prescription. Pl.'s Compl., pp. 8-9. Plaintiff attaches several grievance forms, in which Plaintiff expresses concern about the state of his skin condition, requests to see a dermatologist, and requests prescriptions. *Id*. at pp. 12-19. Responses to the grievance forms indicate that Plaintiff visited health care professionals at the jail and received prescriptions. *Id*. A response dated May 4, 2004, states that the jail doctor conferred by phone with an outside dermatologist before ordering a prescription, but Plaintiff refused to take the prescription. *Id*.

Without determining whether Plaintiff's psoriasis constitutes a "serious medical condition," the Court finds that none of the above actions allegedly committed by Defendants evidence "deliberate indifference" to Plaintiff. In fact, by Plaintiff's own admissions, he was consistently seen by medical staff and was prescribed prescriptions for his psoriasis. Plaintiff's request for particular prescriptions instead of the prescribed prescription, relate to the mode of treatment rendered, not a lack of treatment. Thus, Plaintiff's Complaint fails to state a claim for denial of adequate medical care pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

As previously mentioned, Plaintiff currently has a case (2:03cv597-FtM-29DNF) pending before the Court that involves similar claims. However, the claims in the case now under review include more recent events than those mentioned in the pending case. Thus, if necessary, Plaintiff may submit a supplement to the pending case, including the claims and grievance forms that Plaintiff submitted in this action.

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Amended Complaint is **DISMISSED** without prejudice.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __26th__ day of June, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record